Ex parte Valeriano RODRIGUEZ, Jose Perez and Oscar Abelenda, Jr.

Nos. 63536 to 63538.

Court of Criminal Appeals of Texas, Panel No. 3.

March 19, 1980.

Dick DeGuerin, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, and William Eggleston, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeals are taken from orders entered after a hearing in a habeas corpus proceeding seeking reduction of bail.[1]

Appellants Perez and Rodriguez are being held in confinement under indictments for delivery of a controlled substance, namely, cocaine. Bail for each appellant has been set at $100,000.00. After the hearing, the court denied the request to lower the bonds.

Maria Perez testified that she was married to appellant Perez. She stated that they were Cuban refugees and had been in the United States for eight years. Perez testified that they had been married for 15 years and had three minor children. She related that her husband was employed as a truck driver in Houston. The only property shown to have been owned by the couple was $800.00 in a checking account. She testified that she could make bond for her husband if it was set at $10,000.00.

Lazara Rodriguez testified that she was married to appellant Rodriguez. She stated that they were Cuban refugees and had lived in the United States for eight years. She related that they had been married for 11 years and had three children. Rodriguez testified that her husband worked for a hauling service in Houston with appellant Perez. She testified that the only property they owned was $800.00 in a joint checking account. Appellant Perez is Rodriguez'

1. During oral argument before this Court, counsel stated that the contentions concerning appellant Abelenda's confinement in our Cause No. 63,537 are now moot.

brother. The family had lived in Houston for approximately one year. Rodriguez stated that she did not have access to sufficient property in order to post her husband's bond.

Art. 17.15, V.A.C.C.P. provides as follows: "The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged. *Ex parte Vasquez*, Tex.Cr.App., 558 S.W.2d 477; *Ex parte August*, Tex.Cr.App., 552 S.W.2d 169. The ability or inability to make bail does not alone control in determining the amount; however, it is an element to be considered. *Ex parte Bufkin*, Tex.Cr.App., 553 S.W.2d 116; *Ex parte Branch*, Tex.Cr.App., 553 S.W.2d 380.

Taking into consideration the "nature of the offense" necessarily involves the punishment permitted under the law. *Ex parte Runo*, Tex.Cr.App., 535 S.W.2d 188; *Ex parte Taylor*, Tex.Cr.App., 531 S.W.2d 335. The unlawful delivery of cocaine is a felony of the first degree. Art. 4476–15, V.A.C.S. Upon conviction for a first degree felony, the penalty is life or any term of not more than 99 years or less than five years. V.T.C.A. Penal Code, Sec. 12.32. Lastly, the burden of proof is on the person seeking

the reduction of bail to show that the bail set is excessive. *Ex parte Vasquez*, supra.

In the instant case, the appellants had been in the Houston area for approximately one year at the time of the alleged offense. Prior to that time, they had lived in Miami, Florida, after leaving Cuba. Neither appellant was shown to have been renting or purchasing a home in the Houston area. None of their children were shown to have been attending school. They were apparently employed by the same individual that they had worked for in Miami. Both appellants are Cuban refugees.[2]

In light of the record before us, we find that reasonable bail in Cause Nos. 63,-536 and 63,538 would be in the amount of $50,000.00 in each of these cases.

The appeal in Cause No. 63,537 is dismissed.

It is so ordered.

---

2. The fact that appellants are not United States citizens is a factor to be considered in setting

bail so as to secure their presence at trial. See, *Ex parte Lerma*, Tex.Cr.App., 561 S.W.2d 10.