In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00177-CR

                                                ______________________________

 

 

 

                                            EX
PARTE:  SARILU ANN METTLEN        

 

 

                                                                                                  


 

                                                                                                                            


                                         On
Appeal from the 8th Judicial District Court

                                                           Hopkins
County, Texas

                                                          Trial
Court No. 1122216          

 

                                                                                                  


 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Sarilu Ann Mettlen was indicted for
the capital murder of Bobby Riley, and has been incarcerated, pending trial.  Her bond was initially set for $1,000,000.00,
later reduced to $900,000.00.  On August
5, 2011, Mettlen applied for a writ of habeas corpus seeking to have her
pretrial bond reduced.  Following an
extremely brief hearing, the trial court granted the application and reduced
the amount of bond to $800,000.00. 
Mettlen appeals, arguing the amount of bond is excessive.  

            “The primary purpose or object of an
appearance bond is to secure the presence of a defendant in court for the trial
of the offense charged.”  Ex parte Rodriguez, 595 S.W.2d 549, 550
(Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding).  Bail should not be set so high as to be
oppressive, guaranteeing the defendant’s appearance, but should be high enough
to provide reasonable assurance the defendant will appear at trial.  Ex
parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980). It operates
to balance the “presumption of innocence of the accused and the compelling
interest of the State that the accused appear to answer the accusation against
him.”  Balboa v. State, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981).  Nevertheless, the burden of proof is on the
accused to show the bail is excessive.  Rodriguez, 595 S.W.2d at 550.

            In reviewing bail, we are guided by
Article 17.15 of the Texas Code of Criminal Procedure, and we reverse a lower
court’s determination only if we find an abuse of discretion.  Tex.
Code Crim. Proc. Ann. art. 17.15 (West 2005).  That is, we will reverse the trial court’s
decision only if it was made without reference to any guiding principles or
was, in other words, arbitrary or unreasonable. 
Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990) (op. on reh’g). 
Even if we would have reached a different result, we should not
intervene if the trial court’s ruling is within the zone of reasonable
disagreement.  Id. at 391.  Under Texas law,
the amount of bail required in any case is within the discretion of the court,
judge, magistrate, or officer taking the bail, subject to the following rules:

1.         The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.

2.         The power to require bail is not to be so used as to make it
an instrument of oppression.

3.         The nature of the offense and the circumstances under which
it was committed are to be considered.

4.         The ability to make bail is to be regarded, and proof may be
taken upon this point.

5.         The future safety of a victim of the alleged offense and the
community shall be considered.

 

Tex. Code Crim. Proc. Ann. art. 17.15.  In addition, the Texas Court of Criminal
Appeals has directed courts to consider the work record, family and community
ties, length of residency, prior criminal record (if any), and any aggravating
circumstances alleged to have been involved in the offense the accused is
charged with committing.  Ex parte Rubac, 611 S.W.2d 848, 849–50
(Tex. Crim. App. [Panel Op.] 1981).

Nature
of the Offense 

 

            The nature of the offense and
circumstances surrounding the crime are primary factors in determining what
constitutes reasonable bail.  See Ex parte Davila, 623 S.W.2d 408, 410
(Tex. Crim. App. [Panel Op.] 1981) (orig. proceeding); Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet.
ref’d). In considering the nature of the offense, it is also proper to consider
the possible punishment. Maldonado v.
State, 999 S.W.2d 91, 95 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  When the nature of the offense is serious and
involves aggravating factors that may result in a lengthy prison sentence, bail
must be set sufficiently high to secure the defendant’s presence at trial.  In re
Hulin, 31 S.W.3d 754, 760 (Tex. App.─Houston [1st Dist.] 2000, orig.
proceeding).  

            The charged offense for which
Mettlen was indicted is capital murder, a capital felony punishable by
imprisonment for life without parole or by death.  Tex.
Penal Code Ann. § 12.31 (West 2011), § 19.03 (West Supp. 2011).   The requirement of a substantial amount is
presented given the grave nature of the offense of capital murder and the
potential for a life or death sentence.  Milner v. State, 263 S.W.3d 146, 149–50
(Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); Hulin, 31 S.W.3d at 760.

Ability
to Make Bond

 

            A criminal defendant’s ability to
make bond is “merely one factor to be considered in determining the appropriate
amount of bond.”  Ex parte Scott, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth, orig.
proceeding) (citing Tex. Code Crim.
Proc. Ann. art. 17.15(4)).  Here,
there is no evidence in the record provided before this Court indicating
Mettlen’s ability to make bond.  In a
motion to the trial court, Mettlen urged that bail should be reduced to
$100,000.00.  The hearing transcript from
an August 11, 2011, hearing refers to a prior hearing in which facts of ability
to make bail were developed.  No
transcripts of prior hearings are before this Court, despite Mettlen’s burden
of proof to show that the $800,000.00 bond is excessive.  Ex parte
Clark, 537 S.W.2d 40, 41 (Tex. Crim. App. 1976).  Further, the only evidence regarding ability
to make bond at the August 11 hearing was that the previous $900,000 bond could
not be met. 

Future
Safety of the Victim and Community 

 

            Considering the nature of the
offense, the future safety of the community, rather than the victim, is at
issue.  The indictment alleged Mettlen
intentionally killed Riley by strangulation in the course of robbing him.  No other evidence is in the record to
demonstrate any specific safety concerns for the community. 

Other
Factors

 

            The record of the August 11 hearing
established that while the offense occurred in Hopkins County, Mettlen was
renting a home in Mesquite, which is in Dallas County.  Mettlen’s family lives in New Jersey, and she
clarified that she had no family in Mesquite or in northeast Texas.  The record before the Court makes no mention
of any work record, length of residency, or prior criminal history. 

            The information we have in the
record is the serious nature of the offense, Mettlen is not a local resident
and her family lives in New Jersey. 
Those facts justify an elevated bond amount to assure that “the
undertaking will be complied with.”   But
the precedent of this Court does not support a bail of $800,000.00.  See
Ex parte Jackson, 257 S.W.3d 520
(Tex. App.—Texarkana 2008, orig. proceeding) (bail of $750,000.00 approved for
defendant, charged with murder, who departed from Texas, and was arrested in
Georgia together with safety concerns as he was thought to have committed
another armed robbery shortly afterward). 
We cannot agree that $800,000.00 is a reasonable bail amount.  Bail is reduced to $600,000.00.  See
Ex parte Henson, 131 S.W.3d 645 (Tex.
App.—Texarkana 2004, orig. proceeding).  

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November 14, 2011

Date Decided:             November 15, 2011

 

Do Not Publish