Affirmed and Memorandum Opinion filed November 29, 2007









Affirmed
and Memorandum Opinion filed November 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00483-CR

____________

 

EX PARTE CHRISTINE MARIE PAOLILLA

 





 

On Appeal from the
351st District Court

Harris County, Texas

Trial Court Cause No.
1114191

 





 

M E M O R A N D U M   O P I N I O N

Appellant
is charged with capital murder.  On April 20, 2007, appellant filed a writ
of habeas corpus requesting bail.  On May 9, 2007, the trial court set
bail at $500,000.  Appellant filed a motion to reconsider.  The trial
court denied the motion, and appellant filed a notice of appeal.

 

Appellant
claims the trial court abused its discretion in setting the amount of bail at
$500,000 and requests it be reduced to no greater than $150,000.  The
burden of proof is on the defendant to show bail is excessive.  Ex parte
Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App.1980).  In reviewing
bond settings on appeal, we reverse a lower court's determination only if we
find an abuse of discretion.  Tex.
Code  Crim. Proc. Ann. art. 17.15.  The amount of bail
required in any case is within the discretion of the court subject to the
following rules:

1. 
The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

2. 
The power to require bail is not to be so used as to make it an instrument of
oppression.

3. 
The nature of the offense and the circumstances under which it was committed
are to be considered.

4. 
The ability to make bail is to be regarded, and proof may be taken upon this
point.

5. 
The future safety of a victim of the alleged offense and the community shall be
considered.

 

Id.    In
addition, we consider the accused=s work record, family and community
ties, length of residency, prior criminal record (if any), and any alleged
aggravating circumstances.  Ex parte Rubac, 611 S.W.2d 848, 849‑50
(Tex. Crim. App.1981).

 

Appellant
did not testify at the hearing.  Her stepfather, Tom Dick, was the only
witness.  He works as a project manager at Belknap Plumbing Systems. 
His wife, appellant=s mother, is the administrative assistant to the Dean of
Human Sciences and Humanities for the University of Houston at Clear Lake.  No evidence was given as to their earnings.  They own a
three-bedroom home in Friendswood, Texas.  Tom Dick stated that if
appellant is released on bond, she would reside with them.  Tom Dick had
visited appellant in jail between forty and fifty times in the past ten months
and his wife had visited appellant two to three times that much. 
Appellant has a therapist, Dr. Pesikoff, and is currently taking Adderall, Trileptal,
Trazodone, and Zoloft.  Tom Dick testified that if released on bond,
appellant would be under his and his wife=s supervision as well as that of Dr.
Pesikoff.  He believes appellant understands her medical condition and how
to deal with it.  Tom Dick testified that if appellant violated any
conditions of her release, he would bring it to the court=s attention.  He believes
appellant will follow all conditions if released on bond.

Tom Dick
testified appellant has no money and no income.  She had a trust fund of
$400,000, but all the funds have been expended.  At the time of her
arrest, she had approximately $140,000 in the trust fund, and it was turned
over to her attorney for legal fees.  Tom Dick has $3,000 in the bank and
owns his homestead.  No estimation of the equity in the homestead was
given.  Tom Dick also owns a condominium he bought from appellant, who
purchased it with money from the trust fund.  Appellant also paid cash for
a car and furniture.  Tom Dick paid appellant $80,000 for the condominium,
and the money went to her attorney for legal fees.  The condominium
appraised at $85,000, and Tom Dick estimated the equity in the condominium to
be approximately $5,000 to $6,000.  They are looking for someone to rent
the condominium.  Tom Dick testified he did not have the collateral to
cover a bond greater than approximately $50,000.

Tom Dick
testified he is familiar with the fact the charges include the Akilling execution of four young kids.@  When appellant was arrested,
he knew she was in San Antonio but did not know her exact location.  He
lost contact with her specific location about one month after she went to San Antonio.  Tom Dick assisted the district attorney=s office in finding appellant=s location through a bank
statement.  Appellant was with her husband at the time of her arrest and
was found in a hotel room with heroin syringes, used and full; they were using
heroin.  Tom Dick=s testimony revealed that, as a minor, appellant had once run
away from home.  She was in drug recovery three times from August 2004
until August 2005, when she and her husband went to San Antonio. 
Appellant was arrested ten months later, in July 2006.  Because both Tom
Dick and his wife work, appellant would not be supervised by an adult during
work hours.  Appellant=s husband is somewhere in the Clear Lake area and they have
not had contact since her arrest.  Tom Dick admitted he cannot preclude
the possibility of appellant=s having contact with her husband.  No evidence was
given regarding the husband=s assets.

 

At the
hearing on the motion to reconsider, Tom Dick again was the only witness. 
He testified he could make a bond of Amaybe $75,000, tops.@  Prior to the hearing, Tom Dick
filed an affidavit averring the highest bond he could make is $150,000. 
At the hearing, he testified his affidavit was based on paying ten percent of
the bond, but he did not have enough collateral to cover that amount.  His
last negotiation with the bondsman was for $50,000.  The trial court
denied the motion Adue to the nature of the offense, the nature of the
punishment, and the clear evidence that she=s a flight risk.@

                                                          
Nature of the Offense

The
record reflects the nature of the offense to be capital murder.  The State
attached a copy of the indictment to its brief, but the indictment is not in
the record.  The State asserts the trial court agreed to take judicial
notice of the court=s file in the underlying case, but the record does not
demonstrate the trial court took judicial notice of the record.[1] 
Moreover, the record in the underlying case has not been made part of the
record before this court and, as the State concedes in its brief, the appellate
record does not reflect the circumstances under which the offense was
committed.

The
record also does not reflect whether the death penalty is being sought. 
In its brief, the State claims not to seek the death penalty, and appellant=s counsel made the same claim during
the first hearing.  Accordingly, under the statute in effect at the time
of the offense, appellant is subject to a sentence of life, with the
possibility of parole.  See Act of May 27, 1991, 72nd
Leg., R.S., ch. 652, 1991 Tex. Gen. Laws 2395 (amended 1993, 1999, 2001, 2005)
(current version at Tex. Code Crim.
Proc. 37.071 (Vernon 2006).  Appellant would not be eligible for
release on parole until the actual calendar time served, without consideration
of good conduct time, equals forty calendar years.  See Tex. Gov=t Code
508.145. 

 

In cases
of capital murder, other courts of appeals have upheld bond amounts similar to
this one.  See Cooley v. State, 232 S.W.3d 228, 234B39 (Tex. App. B Houston [1st Dist.] 2007, no pet.)
(bail affirmed at $750,000 for three counts of solicitation of capital murder);
Ex parte Henson, 131 S.W.3d 645, 650B55 (Tex. App. B Texarkana 2004, no pet.) (bail
reduced from $2,250,000 to $1,500,000 for three counts of capital murder); Ex
parte Beard, 92 S.W.3d 566, 571B74 (Tex. App. B Austin 2002, pet. ref=d) (bail reduced from $8,000,000 to
$500,000 for capital murder); Ex parte Simpson, 77 S.W.3d 894, 895B98 (Tex. App. B Tyler 2002, no pet.) (bail reduced
from $1,000,000 to $600,000 for capital murder); Ex parte Brown, 959 S.W.2d
369, 372B73 (Tex. App. B Fort Worth 1998, no pet.) (bail
affirmed at $500,000 for capital murder.). 

                              
Bail Sufficient to Assure Appearance but not Oppress

The record
does not reflect appellant has ever worked.  Prior to arrest, she did not
live in the community, and the record does not reflect appellant had any
contact with her family.  Any ability to make bond would come from
appellant=s family.  If appellant fails to appear it is their assets at risk,
not hers.  Appellant disposed of all her assets, and there is no evidence
in the record that she would not risk the assets of her mother and
stepfather.  Appellant=s lack of contact with her family in the year before her
arrest suggests bail in any amount would provide little or no incentive for her
to appear.

                                                            
Ability to Make Bail

 

The record
indicates that at the time of her arrest, appellant had approximately $140,000
and a condominium worth approximately $85,000, for a total of approximately
$225,000.  The record does not reflect the status of the car or furniture
appellant paid cash for and whether it could be used for collateral or
sold.  The record also does not reflect the earnings of appellant=s stepfather and mother or the value
of their home.  At the second hearing, Tom Dick testified he could post
bond in the amount of $50,000.   However, the amount of bail
appellant could have posted is not determinative of the amount that should be
set, but is only a factor to be considered in determining if the amount set is
reasonable.  See Ex parte Milburn, 8 S.W.3d 422, 427 (Tex. App. B Amarillo 1999, no pet.).

                                              
Safety of the Victim and Community

The four
victims are all deceased.  The record does not indicate the existence of
any witnesses to whom appellant would pose a threat.  The State presented
no evidence that appellant might pose a threat to any particular person in the
community.  However, the indictment for capital murder involving deaths of
four members of the community shows a risk to the community.

                                                                 
Other Factors

The
record does not reflect any prior criminal record.  Other relevant
circumstances are appellant=s persistent drug use prior to arrest and current need for
medication.  The record indicates that prior to her arrest, appellant
abused drugs for at least two years.  Appellant is currently on
prescription medication; she did not testify as to her intention to stay on
this medication if released on bond.  

                                                       
Conclusion

In light
of all these factors, we do not find the trial court abused its discretion in
setting the amount of bail at $500,000.  Accordingly, the judgment of the
trial court is affirmed.

 

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed November 29, 2007.

Panel consists of Chief Justice
Hedges, Justices Fowler and Frost.

Do not publish - Tex. R. App. P. 47.2(b).














[1]  Even if the indictment were considered, it only
reflects the nature of the offense and the charges against appellant.