In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00048-CR

                                                ______________________________

 

 

                                                                  

 

                                    EX PARTE:  TY JORDAN EVANS

 

                                                                  

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 21,066-2010

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Ty Jordan
Evans alleges that he was originally arrested for murder more than two years
ago.  He seeks a reduction of his bail
amount.  Evans’ bail is currently set at
$370,000.00, and Evans requested that the trial court release him on a personal
recognizance bond.  Evans alleges that he
was originally arrested for murder May 12, 2009, and that the State dismissed
the first two indictments.[1]  The State obtained the present indictment
July 14, 2010.  The first trial resulted
in a mistrial January 21, 2011, due to jury deadlock.  On January 24, 2011, Evans filed a pretrial application
for writ of habeas corpus seeking a bond reduction.  The trial court held a hearing February 14,
2011, and denied the writ.  On appeal,
Evans’ sole issue is whether the trial court abused its discretion in denying
the bond reduction.[2]  Finding no abuse of discretion, we affirm the
trial court’s order.

            A trial
court’s decision whether to reduce a defendant’s appearance bond is reviewed
for an abuse of discretion.  Ex parte Spaulding, 612 S.W.2d 509, 511
(Tex. Crim. App. 1981); Ex parte Rubac,
611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981). 
A trial court abuses its discretion if its decision is not within the
zone of reasonable disagreement.  See Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh’g). 
The burden of proof is on the defendant to show the bail is excessive.  Ex parte
Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

            Section
17.15 of the Texas Code of Criminal Procedure provides the following factors to
be considered by the court, judge, magistrate, or officer setting the bail
amount:

            1.         The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

            2.         The
power to require bail is not to be so used as to make it an instrument of
oppression.

 

            3.         The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

            4.         The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

            5.         The
future safety of a victim of the alleged offense and the community shall be
considered.

 

Tex. Code Crim. Proc.
Ann. art. 17.15.  In addition, the
Texas Court of Criminal Appeals has directed courts to consider the accused’s
work record, family and community ties, length of residency, prior criminal
record (if any), and any aggravating circumstances alleged to have been
involved in the offense the accused is charged with committing.  Rubac,
611 S.W.2d at 849–50. 

            “The
primary purpose or object of an appearance bond is to secure the presence of a
defendant in court for the trial of the offense charged.”  Rodriguez,
595 S.W.2d at 550.  Bail should not be
set so high as to be oppressive, guaranteeing the defendant’s appearance, but
should be high enough to provide reasonable assurance the defendant will appear
at trial.  Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980).  Bail operates to balance the “presumption of
innocence of the accused and the compelling interest of the State that the
accused appear to answer the accusation against him.”  Balboa
v. State, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981).

            We now
examine the various factors concerning the bond’s reasonableness.[3]

 

            Nature of the Offense.  The punishment that can be imposed and the
nature of the offense are the primary factors to be considered in determining
the reasonableness of a bond amount.  See Rubac,
611 S.W.2d at 849; In re Hulin, 31
S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  The charged offense is quite
grave—murder.  Murder is a first degree
felony with a potential punishment of life imprisonment or for any term of not
more than ninety-nine years or less than five years.  Tex.
Penal Code Ann. §§ 12.32, 19.02 (West 2011).  Given the serious nature of the offense of
murder, the additional count of engaging in organized criminal activity, and
the allegation of the use of a deadly weapon, the trial court could have
properly concluded that the amount of the bond was reasonable.  See
Milner v. State, 263 S.W.3d 146, 149–50 (Tex. App.—Houston [1st Dist.]
2006, no pet.) (serious nature of murder and attempted murder and substantial
potential punishment support bond of $500,000.00); see also Ex parte Hunt, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004,
pet. ref’d); Hulin, 31 S.W.3d at
760.  This factor weighs strongly against
a bail amount reduction.

            Ability to Make Bond.  It is undisputed that Evans has not been
financially able to secure a bond.  At
the hearing, Evans’ mother testified her financial situation had not improved
since the last bond hearing, she did not have any assets which could be
liquidated to post a bond, and she did not have any other assets that would
help her in making bond in this case for her son.  The record does not contain any evidence
concerning Evans’ personal finances. 
However, the State does not argue Evans personally had the financial
ability to secure a bond.  A criminal
defendant’s ability to make bond is “merely one factor to be considered in
determining the appropriate amount of bond.” 
Ex parte Scott, 122 S.W.3d 866,
870 (Tex. App.—Fort Worth 2003, no pet.). 
Although this factor weighs in favor of a reduced bond, the factor is
not necessarily controlling over the other factors.  See id.

            Danger to the Community.  Evans argues there is no
evidence that he was a danger to the community. 
Evans’ mother testified that Evans would reside with her and she would
be willing to comply with any pretrial conditions the court deemed appropriate,
including home detention under an electronic monitor.  Evans, though, was accused of a gang-related
drive-by shooting.  The trial court could
have concluded that the bond amount was reasonable because the allegation of
gang-related murder raises serious concerns about Evans’ danger to the
community posed by other possible gang-related activities.  This factor weighs weakly against a bail
reduction.

            Criminal History.  The State concedes Evans’ criminal history is
not “lengthy.”  The record contains a
notice of intent to offer evidence of other crimes, wrongs, or acts, which
includes a 2006 juvenile adjudication for burglary of a building and a 2006
juvenile charge for terroristic threat.[4]  Evans argues the lack of an adult criminal
history favors a reduction of the bond amount. 
We disagree.  These juvenile
adjudications occurred only three years before Evans’ arrest for this offense.[5]  Given that these juvenile adjudications were
relatively recent, the trial court could have reasonably concluded the lack of
an adult criminal history did not significantly favor a reduction in the bond
amount.  This factor does not weigh
strongly for or against a bail amount reduction.

            The Strength of the Evidence Against Evans.  Evans argues the evidence against him is weak
and entirely circumstantial.  The
strength of the evidence against the accused can be considered in determining
the propriety of bail.  Ex parte Sabur-Smith, 73 S.W.3d 436, 440
(Tex. App.—Houston [1st Dist.] 2002, no pet.); see Ex parte Parish, 598 S.W.2d 872, 873 (Tex. Crim. App.
1980).  At the hearing, the State
requested the trial court to take judicial notice of its files and the trial
court granted the request.  We note the
State alleges the trial was presided over by a visiting judge sitting by
assignment and that the docket entry declaring a mistrial was signed by said
visiting judge.  Thus, the trial court
did not preside over the earlier trial in this case.  Other than the probable cause affidavit, the
files the trial court took judicial notice of have not been made part of the
record in this appeal.  The probable
cause affidavit specifies the victim died from a gunshot wound and the witness
heard the shots and observed “a passenger draw a long barreled firearm back
inside the car and leave the scene . . . .” 
The affidavit provides that Evans had been observed driving past the
residence in a car several times during the day of the offense.  We recognize the above evidence is entirely
circumstantial, but the details of the evidence are not fully developed and the
record does not establish the State lacks any additional evidence.  This factor does not weigh strongly for or
against a bail amount reduction.

            Conclusion.  It was Evans’ burden to establish the excessiveness
of the bail.  Based on the record before
this Court, Evans has failed to meet this burden.  The nature of the offense weighs strongly
against a reduction of the bail amount. 
The possibility that Evans could be a danger to the community weighs
weakly against a reduction of the bail amount. 
Although Evans’ ability to make bail weighs in favor of a bail
reduction, we are unwilling to conclude the trial court’s decision was outside
the zone of reasonable disagreement.  The
record does not contain any evidence concerning Evans’ work history, community
ties, and length of residency.[6]  The trial court did not abuse its discretion
in denying Evans’ pretrial application for writ of habeas corpus.  

            We affirm.

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
5, 2011

Date Decided:             July
6, 2011

 

Do Not Publish











[1]The
record does not establish when Evans was arrested and does not contain the
original indictments.  The record
contains a dismissal dated July 15, 2010, stating, “[T]his case has been
re-indicted by the Wood County Grand Jury.” 


 





[2]Evans
limits his arguments to Article 17.15 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc.
Ann. art. 17.15 (West 2005).





[3]Evans
also argues that the trial court abused its discretion because a mistrial had
been declared due to jury deadlock. 
Evans has not directed this Court to any authority that a criminal
defendant is entitled to a personal recognizance bond following the declaration
of a mistrial.  We are not aware of any.

 





[4]The
notice does not specify whether the charge of terroristic threat had been
adjudicated.





[5]The
State alleges Evans’ date of birth is May 8, 1991.  The State has not directed this Court to
where in the record Evans’ date of birth is specified.  If this date of birth is correct, the offense
in this case occurred one day after Evans turned eighteen.





[6]Evans
alleges, citing Ex parte Hearn, No.
06-10-00149-CR, 2010 WL 4261974 (Tex. App.—Texarkana Oct. 28, 2010, no pet.)
(mem op., not designated for publication), that he has lived in northeast Texas
all of his life.  The defendant in Hearn is Evans’ brother and codefendant
in this case.  In Hearn, “Hearn testified he had lived in northeast Texas all of his
life.”  Id. at *2.  The fact that
Hearn lived all of his life in northeast Texas does not establish that Evans
has lived in northeast Texas all of his life. 
There is no evidence in the record of this case that Evans has lived in
northeast Texas all of his life.