

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00177-CR

_____

EX PARTE:   SARILU ANN METTLEN

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 1122216

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Sarilu Ann Mettlen was indicted for the capital murder of Bobby Riley, and has been incarcerated, pending trial. Her bond was initially set for $1,000,000.00, later reduced to $900,000.00. On August 5, 2011, Mettlen applied for a writ of habeas corpus seeking to have her pretrial bond reduced. Following an extremely brief hearing, the trial court granted the application and reduced the amount of bond to $800,000.00. Mettlen appeals, arguing the amount of bond is excessive.

"The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged." *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding). Bail should not be set so high as to be oppressive, guaranteeing the defendant's appearance, but should be high enough to provide reasonable assurance the defendant will appear at trial. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980). It operates to balance the "presumption of innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him." *Balboa v. State*, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981). Nevertheless, the burden of proof is on the accused to show the bail is excessive. *Rodriguez*, 595 S.W.2d at 550.

In reviewing bail, we are guided by Article 17.15 of the Texas Code of Criminal Procedure, and we reverse a lower court's determination only if we find an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). That is, we will reverse the trial court's decision only

if it was made without reference to any guiding principles or was, in other words, arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). Even if we would have reached a different result, we should not intervene if the trial court's ruling is within the zone of reasonable disagreement. *Id*. at 391. Under Texas law, the amount of bail required in any case is within the discretion of the court, judge, magistrate, or officer taking the bail, subject to the following rules:

1.     The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2.     The power to require bail is not to be so used as to make it an instrument of oppression.
3.     The nature of the offense and the circumstances under which it was committed are to be considered.
4.     The ability to make bail is to be regarded, and proof may be taken upon this point.
5.     The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. In addition, the Texas Court of Criminal Appeals has directed courts to consider the work record, family and community ties, length of residency, prior criminal record (if any), and any aggravating circumstances alleged to have been involved in the offense the accused is charged with committing. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

*Nature of the Offense*

The nature of the offense and circumstances surrounding the crime are primary factors in determining what constitutes reasonable bail. *See Ex parte Davila*, 623 S.W.2d 408, 410 (Tex.

3

Crim. App. [Panel Op.] 1981) (orig. proceeding); *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd). In considering the nature of the offense, it is also proper to consider the possible punishment. *Maldonado v. State*, 999 S.W.2d 91, 95 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). When the nature of the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial. *In re Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding).

The charged offense for which Mettlen was indicted is capital murder, a capital felony punishable by imprisonment for life without parole or by death. TEX. PENAL CODE ANN. § 12.31 (West 2011), § 19.03 (West Supp. 2011). The requirement of a substantial amount is presented given the grave nature of the offense of capital murder and the potential for a life or death sentence. *Milner v. State*, 263 S.W.3d 146, 149–50 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Hulin*, 31 S.W.3d at 760.

*Ability to Make Bond*

A criminal defendant's ability to make bond is "merely one factor to be considered in determining the appropriate amount of bond." *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 17.15(4)). Here, there is no evidence in the record provided before this Court indicating Mettlen's ability to make bond. In a motion to the trial court, Mettlen urged that bail should be reduced to $100,000.00.

4

The hearing transcript from an August 11, 2011, hearing refers to a prior hearing in which facts of ability to make bail were developed. No transcripts of prior hearings are before this Court, despite Mettlen's burden of proof to show that the $800,000.00 bond is excessive. *Ex parte Clark*, 537 S.W.2d 40, 41 (Tex. Crim. App. 1976). Further, the only evidence regarding ability to make bond at the August 11 hearing was that the previous $900,000 bond could not be met.

*Future Safety of the Victim and Community*

Considering the nature of the offense, the future safety of the community, rather than the victim, is at issue. The indictment alleged Mettlen intentionally killed Riley by strangulation in the course of robbing him. No other evidence is in the record to demonstrate any specific safety concerns for the community.

*Other Factors*

The record of the August 11 hearing established that while the offense occurred in Hopkins County, Mettlen was renting a home in Mesquite, which is in Dallas County. Mettlen's family lives in New Jersey, and she clarified that she had no family in Mesquite or in northeast Texas. The record before the Court makes no mention of any work record, length of residency, or prior criminal history.

The information we have in the record is the serious nature of the offense, Mettlen is not a local resident and her family lives in New Jersey. Those facts justify an elevated bond amount to assure that "the undertaking will be complied with." But the precedent of this Court does not

5

support a bail of $800,000.00.  *See Ex parte Jackson*, 257 S.W.3d 520 (Tex. App.—Texarkana 2008, orig. proceeding) (bail of $750,000.00 approved for defendant, charged with murder, who departed from Texas, and was arrested in Georgia together with safety concerns as he was thought to have committed another armed robbery shortly afterward).   We cannot agree that $800,000.00 is a reasonable bail amount.   Bail is reduced to $600,000.00.   *See Ex parte Henson*, 131 S.W.3d 645 (Tex. App.—Texarkana 2004, orig. proceeding).

Jack Carter
Justice

Date Submitted:        November 14, 2011
Date Decided:          November 15, 2011

Do Not Publish

6