# NOS. 12-18-00174-CR
## 12-18-00175-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEALS FROM THE 273RD* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *MATTHEW WILLIAMS* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Matthew Williams files this application for writ of habeas corpus while awaiting trial on two counts of intoxication manslaughter. The trial court set the amount of Appellant's bond at $100,000 for each offense. In his application, Appellant complains that the trial court abused its discretion (1) by failing to grant Appellant a personal recognizance bond when the State was not ready for trial within ninety days from the commencement of his detention and (2) by declining to reduce the amount of his bail bond, which is excessive. We affirm the trial court's order denying relief and, further, deny Appellant's application for relief to this court.

### BACKGROUND

Appellant was charged by separate indictments with two counts of intoxication manslaughter. Appellant filed a pretrial motion for bond reduction and an application for writ of habeas corpus in each cause. On June 20, 2018, the trial court conducted a hearing on the matter and, thereafter, entered a written order denying relief. Appellant's application for writ of habeas corpus to this court followed.

### FAILURE TO GRANT PERSONAL RECOGNIZANCE BOND

In his first issue, Appellant argues that the trial court abused its discretion in failing to grant him a personal recognizance bond when the State was not ready for trials within ninety days from

the commencement of his detention. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (West 2015). The State responds that Appellant failed to preserve this alleged error by failing to raise it as a ground in his application for writ of habeas corpus in the trial court. We agree. When an issue is not specifically included in an application for writ of habeas corpus, it may not be raised for the first time on appeal. *See Ex parte Saldana*, Nos. 13-01-360-CR--13-01-361-CR, 2002 WL 91331, at \*5 (Tex. App.–Corpus Christi Jan. 24, 2002, no pet.) (op., not designated for publication); *see also Ex parte Torres*, 941 S.W.2d 219, 220 (Tex. App.–Corpus Christi 1996, pet. ref'd). Accordingly, we hold that Appellant may not raise this issue for the first time on appeal. Appellant's first issue is overruled.

## AMOUNT OF BOND

In his second issue, Appellant argues that the trial court abused its discretion by declining to reduce the amount of the bonds, which are excessive and oppressive in light of Appellant's economic circumstances and the fact that the alleged offenses arose from the same incident.

The primary purpose of setting a pretrial bond should be to secure Appellant's presence at trial. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Rincon*, Nos. 04-13-00715-CR–04-13-00718-CR, 2014 WL 2443870, at \*1 (Tex. App.–San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). The amount of the bond necessary to achieve that purpose is committed to the trial court's sound discretion, although its discretion is bounded and guided by constitutional and statutory provisions. *See Ex parte Estrada*, 398 S.W.3d 723, 724 (Tex. App.–San Antonio 2008, no pet.). The federal constitution, our state constitution, and our state laws prohibit "excessive" bail. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13 (West 2007); TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005). Article 17.15 of the Texas Code of Criminal Procedure provides that "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" however, "[t]he power to require bail is not to be so used as to make it an instrument of oppression." TEX. CODE CRIM. PROC. ANN. art. 17.15(1), (2). Although a defendant's ability to make bail must be considered, it is not a controlling consideration. *See id.* art. 17.15(4); *Ex parte Rodriguez*, 595 S.W.2d at 550. The trial court also must consider the nature of the defendant's offenses and the circumstances under which he allegedly committed them as well as the future safety of the community if the defendant is released on bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(3), (5). Apart from

these statutory considerations, the trial court also may consider the defendant's links to the community, including his family ties, employment history, prior criminal record, the existence of other bonds against him, and his compliance with the conditions of those bonds. *See Ex parte Estrada*, 398 S.W.3d at 724.

In the instant case, Appellant was charged with two counts of intoxication manslaughter, second degree felonies. At the hearing on Appellant's application, San Augustine County Sherriff Robert Cartwright testified that Appellant could be charged with first degree felony offenses of intoxication manslaughter with a deadly weapon depending on the outcome of then-pending grand jury proceedings. Cartwright further testified that he was aware that Appellant had two prior convictions for driving while intoxicated (DWI). Based on the facts of the case and his experience in law enforcement, Cartwright opined that the amount of the $100,000.00 bonds in each case are reasonable. On cross examination, Cartwright stated that Appellant caused no problems while in jail and described him as being "real good with my staff."

Appellant's grandfather, Edward Williams, testified on Appellant's behalf. Williams testified that he had lived in nearby Sabine County, Texas, for seventy-six years. He further testified that he is retired. Williams stated that Appellant lived with him when he was out of jail on a personal recognizance bond for medical reasons following the accident. He further stated that Appellant could live with him if he was able to post a reduced bond. He also stated that Appellant's car was inoperable and he would not permit Appellant to use his car. Williams testified that he could not afford to pay $20,000.00 toward $200,000.00 in bonds, but, if the bonds were reduced, he could pay $4,000.00 toward $20,000.00 in bonds. On cross examination, Williams stated that he owned a three bedroom home on four one-hundred foot blocks of land and owed no money on the home. Williams further stated that, at his age, he could not borrow against the home to pay a portion of Appellant's bond.

Based on the record and the arguments made to the trial court, we cannot conclude that the trial court abused its discretion by denying the reductions in the bond amounts set in Appellant's two causes. The evidence reflects that Appellant had two prior DWI convictions. The evidence further reflects that Appellant's intoxication is alleged to have been a factor in the collision giving rise to the charges at issue. Thus, the trial court reasonably could have found that Appellant posed a danger to the community based on his history of drunk driving and considered that a compelling factor in setting his bail. *See Rincon*, 2014 WL 2443870, at *3.

3

Furthermore, the trial court reasonably could have considered the testimony concerning pending grand jury proceedings regarding possible allegations that Appellant used the vehicle as a deadly weapon, which could result in Appellant's being charged with first degree felonies. The more severe punishment ranges to which Appellant may be subjected weighs in favor of the trial court's decision not to reduce the amount of his bonds. *See id.* (citing ***Ex parte Ivey***, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980)) (nature of offense and circumstances of its commission should be considered, including punishment authorized by law).

Appellant's inability to make bail for an extended period of time also is a factor to be considered; however it is not the determinative factor. *See **Ex parte Rodriguez***, 595 S.W.2d at 550. As set forth previously, the primary purpose of bail is to ensure the accused appears for trial. *See id.* A lower bond amount may pose the risk that if Appellant posts bond, he will fail to appear for a trial where he is accused of causing the deaths of two persons. *See **Ex parte Rincon***, 2014 WL 2443870, at *3; *see also **Ex parte Leonides***, No. 03-01-00641-CR, 2002 WL 189057, at *2 (Tex. App–Austin Feb. 7, 2002, no pet.) (mem. op., not designated for publication) (court upheld $175,000.00 bond for single count of intoxication manslaughter). And although Williams testified that he had a longstanding connection to neighboring Sabine County and Appellant often lived with him in the past, the trial court reasonably could have found that Williams's and Appellant's connection with Sabine County did not demonstrate sufficiently strong ties between Appellant and San Augustine County.

Based on the foregoing, we conclude that the trial court reasonably could have found that Appellant posed a danger to the community, was possibly facing charges for first degree felonies and lacked a longstanding connection to the community of San Augustine County. Therefore, we hold that the trial court did not abuse its discretion in denying Appellant's application for writ of habeas corpus seeking to reduce the amount of his bonds. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's order overruling Appellant's application for writ of habeas corpus and, further, ***deny*** Appellant's application for relief to this court.

4

**BRIAN HOYLE**
Justice

Opinion delivered November 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 14, 2018**

**NO. 12-18-00174-CR**

**EX PARTE: MATTHEW WILLIAMS**

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR 18-8835)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below overruling Appellant's application for writ of habeas corpus **be in all things affirmed**, and Appellant's application for relief to this court is **denied**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 14, 2018**

**NO. 12-18-00175-CR**

**EX PARTE: MATTHEW WILLIAMS**

Appeal from the 273rd District Court
of San Augustine County, Texas (Tr.Ct.No. CR 18-8836)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below overruling Appellant's application for writ of habeas corpus **be in all things affirmed**, and Appellant's application for relief to this court is **denied**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*