**Affirmed and Opinion filed March 9, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00737-CR**
**NO. 14-20-00738-CR**

---

## EX PARTE CURTIS ALLEN HOLLIDAY

---

### On Appeal from the 178th District Court
### Harris County, Texas
### Trial Court Cause Nos. 1692403 and 1692404

---

## O P I N I O N

Curtis Allen Holliday challenges the trial court's orders denying his applications for writs of habeas corpus for reduction of bail in charges against him for continuous assault of a family member[1] and murder.[2] We affirm.

### BACKGROUND

Appellant was arrested and charged in January 2020 with continuous assault of a family member: his wife, Chi Le. He was released on bail and ordered to have

---

[1] Appeal number 14-20-00737-CR, habeas trial number 1692403, offense trial number 1662014.
[2] Appeal number 14-20-00738-CR, habeas trial number 1692404, offense trial number 1682338.

no contact with Le. After allegedly communicating with Le, appellant was charged with violation of conditions of bond. The trial court also revoked his bail in the family-violence case. Appellant was later charged with murdering Le; the State alleged he killed her a month before his bond was revoked. He was held without bail on the murder charge.

Appellant applied for writs of habeas corpus in both the family-violence and murder cases. At a September 2020 hearing on the habeas applications, appellant's lawyer and the prosecutor presented argument as to a proper bail amount, but neither party offered evidence. No witnesses testified, and, though the State discussed several documents, it did not seek to have them admitted. After counsels' arguments, the trial court orally set bail at $100,000 in the family-violence case and $300,000 in the murder case. The trial court did not sign an order setting bail or ruling on the habeas applications.

In October 2020, appellant filed new habeas applications and requested a second hearing, solely for the purpose of creating a record for appeal. Appellant "reoffer[ed] all the evidence" from the September hearing and asked the trial court to reduce the bail amounts. The State, too, "officially and formally offer[ed]" the documents discussed at the September hearing into evidence. The trial court admitted them without objection. Neither party offered testimony or other documentary evidence. The trial court signed orders denying appellant's habeas applications and setting bail at the previously stated amounts.

#### ANALYSIS

### I.   Legal standards

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte*

*Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

2. The power to require bail is not to be so used as an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

Courts may also consider the following factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50. The trial court may also consider whether the defendant is a citizen of the United States. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 n.2 (Tex. Crim. App. [Panel Op.] 1980); *Dupuy*, 498 S.W.3d at 230.

The defendant bears the burden to prove the bail set is excessive. *Rubac*, 611 S.W.2d at 849.

3

## II.  Application

The only evidence regarding bail was offered by the State. That evidence is: the indictment in the family-violence case, the State's motion for bond conditions in the family-violence case and the order granting the motion, a Bond Condition Violation Report filed in the family-violence case, the complaint in the bond-condition-violation case, a photograph showing bruises on what is said to be Le's arm, a typed message allegedly from Le stating appellant should be investigated if she were to go missing or die,[3] an invoice for a freezer alleged to be the freezer in which Le's body was discovered, two photographs allegedly showing appellant buying the freezer, and Le's autopsy report. The autopsy report describes Le's body as "initially frozen with frost on the skin."

Appellant offered no evidence. Instead, his attorney made unsworn assertions in his argument, including:

- Appellant has no criminal history other than that alleged about Le.

- The autopsy showed Le sustained "minimal trauma," calling into question the State's potential theory of the case that appellant choked Le to death.

- Appellant has approximately $200,000 in a brokerage account, as well as "numerous outstanding debts that may affect that amount."

- Appellant has a business in Houston, but it is unclear whether he is able to access the property of the business or whether the business can survive.

- Appellant's child with Le lives in Houston with appellant's ex-wife.

- Appellant is unable to pay the bonds for the combined bail amounts in the family-violence and bond-condition-violation cases ($200,000).

---

[3] The message states, "My name is Chi Thi Lien Le. My birthday is 11/10/1990. My husband is curtis holliday. My daughter is sophia holliday. I live in Houston, Texas 77041. If suddenly nobody can find me, or find me dead. Please check my husband. He many times tell me that he will murder me. Especially, we are on the way to get divorce"

- Appellant has no property he could use as collateral.

The unsworn statements of an attorney are not evidence unless the attorney has first-hand knowledge of the facts asserted. *See State v. Guerrero*, 400 S.W.3d 576, 585–86 (Tex. Crim. App. 2013). For example, an attorney's unsworn statement to the court about a conflict of interest that arose from his representation of co-defendants in the same trial was sufficient to support a request for separate counsel; the attorney himself experienced the events he perceived as giving rise to the conflict. *See id.* at 585 (citing *Holloway v. Arkansas*, 435 U.S. 475, 485–86 (1978)). Here, counsel's statements regarding appellant's criminal history, the condition of Le's body, appellant's ties to the community, and appellant's financial status were not made from first-hand knowledge; counsel learned those facts from other sources. Therefore, appellant's counsel's unsworn statements are not evidence.

Appellant himself also spoke at the first hearing. He answered questions posed by the judge, not his lawyer or the prosecutor. The substance of his statements is: he is a United States citizen, he understands the need to talk with his lawyer, and he understands the conditions of bail if he is released. Appellant's statements were not made under oath and were not subject to cross-examination. Tex. R. Evid. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully."); Tex. R. Evid. 611(b) (permitting cross-examination of a witness on any relevant matter); *see Navy v. State*, Nos. 14-16-00161-CR, 14-16-00163-CR, 2017 WL 2561301, at *3 (Tex. App.—Houston [14th Dist.] June 13, 2017, pet. ref'd) (mem. op., not designated for publication) (holding defendant's unsworn statements to the judge before sentencing were not evidence). Even if appellant's statements could be considered as evidence to support his habeas application for a bail reduction, they would not satisfy his evidentiary burden because they are not relevant to any of the article 17.15 factors or *Rubac* factors.

We conclude appellant has not shown the trial court abused its discretion in denying his habeas applications to reduce bail.

## CONCLUSION

We affirm the trial court's denial of appellant's habeas applications.

/s/      Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Publish — Tex. R. App. P. 47.2(b)