**Affirmed and Opinion filed April 22, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00670-CR

## EX PARTE ENZO UBADIMMA

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1513857**

## O P I N I O N

Enzo Ubadimma challenges the trial court's order denying his application for writ of habeas corpus for reduction of bail in charges against him for capital murder, assault of a public servant, and violation of a condition of bond. We affirm.

### Background

While on deferred adjudication community supervision for robbery, appellant allegedly committed and was arrested for capital murder. Then, a month into his confinement for capital murder, he allegedly assaulted a public servant. The trial court set appellant's bail at $500,000 for violating the terms of his robbery community supervision, $500,000 for capital murder, and $75,000 for assault of a

public servant.

Appellant filed a single application for writ of habeas corpus challenging the collective amount of bail for the three charges as unconstitutionally unreasonable and excessive. No evidence was attached to the application. At a hearing, appellant's counsel asserted that the most appellant would be able to pay for an aggregate bond was $100,000, and he sought reduction to that amount. Appellant offered no evidence at the hearing. At the conclusion of the short hearing, the trial court denied appellant's habeas application.

## Analysis

### A. Legal standards

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The amount of bail required in any case is within the discretion of the trial court, subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

2. The power to require bail is not to be so used as an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon

this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

Courts may also consider the following factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. The trial court may also consider whether the defendant is a citizen of the United States. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 n.2 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Dupuy*, 498 S.W.3d at 230.

The defendant bears the burden to prove the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d at 849.

## B.    Application

Appellant did not offer evidence regarding bail. Instead, his attorney made unsworn assertions in his argument, including:

- Appellant is unable to pay the bonds for the combined bail amounts of $1,075,000.

- Appellant's parents can pay the bonds for an aggregate bail of $100,000.

- Appellant does not oppose house arrest.

This court recently addressed a similar situation in *Ex parte Holliday*, Nos. 14-20-00737-CR, 14-20-00738-CR, __ S.W.3d __, 2021 WL 865338 (Tex. App.— Houston [14th Dist.] Mar. 9, 2021, no pet. h.). There, Holliday offered no testimony

or exhibits in support of his habeas application for a bail reduction. Instead, his lawyer made unsworn assertions at the hearing on his application. *Id.* at *2. We began our analysis by noting the unsworn statements of an attorney are not evidence unless the attorney has first-hand knowledge of the facts asserted. *See State v. Guerrero*, 400 S.W.3d 576, 585-86 (Tex. Crim. App. 2013). The record indicated Holliday's lawyer's statements regarding appellant's criminal history, the condition of the complainant's body, appellant's ties to the community, and appellant's financial status were not made from first-hand knowledge; counsel learned those facts from other sources. Therefore, we held, the lawyer's unsworn statements were not evidence. *Ex parte Holliday*, 2021 WL 865338, at *2.

We also considered Holliday's own statements at the hearing. He answered questions posed by the judge, not his lawyer or the prosecutor. The substance of his statements was: he was a United States citizen, he understood the need to talk with his lawyer, and he understood the conditions of bail if he were to be released. Holliday's statements, however, were not made under oath or subject to cross-examination. *See id.* at *3. Further, we said that even if his statements could be considered as evidence to support his habeas application for a bail reduction, they would not satisfy his evidentiary burden because they were not relevant to any of the article 17.15 factors or *Rubac* factors. We concluded Holliday had not shown the trial court abused its discretion in denying his habeas applications to reduce bail. *Id.*

*Ex parte Holliday* controls this case. Appellant's lawyer's unsworn statements about appellant's financial status were not made from first-hand knowledge; counsel learned those facts from other sources. As in *Ex parte Holliday*, counsel's statements are not evidence. Further, counsel did not discuss the majority of the article 17.15 factors or *Rubac* factors. We conclude appellant has not shown the trial court abused its discretion in denying his application for habeas relief.

Appellant asks us to remand for both sides to present evidence on the factors under article 17.15 and *Ex parte Rubac*, citing our decision in *Ex parte Stocker*, Nos. 14-19-00661-CR, 14-19-00662-CR, 14-19-00663-CR, 2020 WL 2614620, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2020, no pet.) (mem. op., not designated for publication). *Ex parte Stocker* is distinguishable in that neither party's appellate brief addressed the bail factors; both parties instead focused on whether Stocker was entitled to release under article 17.151 of the Code of Criminal Procedure, concerning the State's readiness for trial within 90 days of the commencement of the defendant's detention. *Id.* at *1. We concluded Stocker was not entitled to release under article 17.151. *Id.* Then, rather than consider an issue neither side had briefed, we remanded for further proceedings. *See id.* at *2. In this case, both appellant and the State have briefed the article 17.15 factors and *Rubac* factors. Remand is not appropriate.

## Conclusion

We affirm the trial court's denial of appellant's habeas applications.

/s/    Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Hassan

Publish — Tex. R. App. P. 47.2(b)