**AFFIRMED; Opinion Filed July 25, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00596-CR

### EX PARTE STEVEN SPRIGGS, Appellant

---

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-54549-P**

---

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Steven Spriggs appeals the trial court's order denying him the relief sought by his pretrial application for writ of habeas corpus seeking a bond reduction. In a single issue, appellant complains that the trial court abused its discretion by refusing to reduce his bail because the amount is excessive and oppressive, and the evidence is insufficient to sustain the bond amount.

BACKGROUND

On April 18, 2013, appellant was indicted for capital murder committed during the course of a robbery. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2012). The trial court set appellant's bond at $500,000. On April 19, 2013, appellant filed an application for writ of habeas corpus seeking reasonable bail. At the hearing on appellant's motion, Detective Eric

Barnes testified he was assigned to investigate the murder of Anthony Scott on March 21, 2013. Barnes testified there were four people involved in the murder, including Eric Huckaby, Frederick Carson, Derek Osaroekee, and appellant. In the course of the investigation, Barnes learned that the day before the murder, Huckaby and Carson stole a truck at gunpoint. They parked the truck behind a vacant house across the street from appellant's residence. On the day of the murder, appellant, Huckaby, Carson, and Osaroekee got in the truck and went to a nearby store. One of the men saw Scott inside the store with money in his wallet. While standing outside the store, appellant and the three other men talked about robbing Scott. When Scott came out of the store and got into a friend's vehicle, appellant and the others followed Scott to a house. Appellant, who was driving, pulled the truck into the driveway behind Scott's vehicle, blocking any exit. Osaroekee and Carson got out of the truck and robbed and shot Scott. Appellant waited until Osaroekee and Carson got back in the truck before he fled the scene. Appellant parked the truck at an apartment complex near his residence, and then he and the other men walked to appellant's house.

Barnes testified a witness at the scene said one of the gunmen wore a ski mask, the other gunman wore a bandanna over his face, and the driver of the truck wore a "distinctive" jacket. Three days after Scott's murder, appellant was arrested in DeSoto after fleeing the scene of an aggravated robbery and running from police officers. The victim of the aggravated robbery identified appellant at the scene as one of the men who had robbed him. Barnes testified that when police officers executed a search warrant on appellant's residence, they found the jacket described by a witness to Scott's murder, as well as drivers' licenses, identification, and Social Security cards that were linked to two other aggravated robberies.

Appellant's mother, Monica Cummings, testified appellant has many extended family members in the area, including aunts, uncles, cousins, and grandparents. She testified that prior to his March 24, 2013 arrest for aggravated robbery, appellant had never been arrested. Cummings testified she works as a home care provider for the elderly, rents her home, and does not have the money for a $500,000 bond. Cummings testified she and other family members could get enough cash to make a $25,000 bond. At the conclusion of the hearing, the trial court denied appellant's motion for bond reduction, and signed its order on April 25, 2013.

APPLICABLE LAW

We review the trial court's denial of a bond reduction request under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2011). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles, or whether the act was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

The primary purpose of an appearance bond is to secure the presence of a defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). In determining the amount of bail to set, the trial court is guided by the following rules: (1) the bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with; (2) the power to require bail is not to be so used as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed are to be considered; (4) the ability to make bail is to be regarded, and proof may be taken upon this

point; and (5) the future safety of a victim of the alleged offense and the community shall be considered. TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Welch*, 729 S.W.2d 306, 309 (Tex. App.—Dallas 1987, no pet.). Relevant facts to be considered in determining the amount of bond include the accused's work record; family and community ties; length of residency; previous criminal record; conformity with the conditions of any previous bond; the existence of outstanding bonds; any aggravating circumstances alleged to have been involved in the charged offense; and the range of punishment for the charged offense. *Ex parte Rubac*, 611 S.W.2d 849–50.

The person seeking the reduction has the burden of demonstrating the bail is excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980. Although the ability or inability of the accused to make bail is a factor to be considered, that factor alone does not control the amount of bail. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

## DISCUSSION

Appellant contends the bond amount is excessive, oppressive, and "ill-fit to any offense" appellant committed. Appellant argues the trial court failed to consider his background and ability to pay. Appellant asserts the trial court abused its discretion in denying his motion for a more reasonable bond because the homicide detective was inexperienced, the State failed to demonstrate the intent of one of the co-defendants, and two other people in the vehicle at the time of the shooting were never charged. The State responds the trial court did not abuse its discretion in denying habeas relief because appellant failed to meet his burden of showing the bail was excessive, and the evidence before the trial court supported a high bond.

Appellant is charged with capital murder committed during the commission of a robbery, a capital felony offense punishable by death or imprisonment for life without parole. *See* TEX. PENAL CODE ANN. §§ 12.31(a), 19.03(a)(2), (b) (West 2011 & Supp. 2012). Given the serious nature of the offense and the potential punishment involved, the trial court could properly have concluded that the amount of the bond was reasonable.

Moreover, at the bond hearing, appellant's mother was the only witness to testify about appellant's inability to make bond. She stated family members could raise enough cash for a bond set at $25,000. However, appellant introduced no evidence supporting his mother's claim that appellant was unable to make the bond or that he had made any efforts himself to secure any bond that was denied. Because appellant demonstrated no evidence supporting his inability to make bond himself or efforts to secure bond himself, the trial court could properly have concluded that the amount of the bond was reasonable under the circumstances.

Finally, the trial court heard testimony that appellant was a part of a plot to rob the victim. Appellant knew that two men with him carried guns; appellant drove the vehicle that followed the victim home from the store; appellant blocked the victim's driveway with the vehicle appellant was driving; and appellant waited for the men who shot the victim, drove them away from the scene, and then hid the vehicle. Three days later, appellant was arrested fleeing from the scene of an aggravated robbery.

Given the capital murder offense with which appellant is charged and the evidence of additional serious criminal activity three days after the charged offense, we conclude the trial court could have reasonably concluded the $500,000 bond was reasonable. *See Ex parte Welch*, 729 S.W.2d at 309; *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.). Moreover, appellant presented no evidence that he had attempted to obtain the money for the

-5-

$500,000 bond but was unable to do so. Thus, we conclude the trial court did not abuse its discretion in denying appellant a bond reduction. We resolve appellant's sole issue against him. We affirm the trial court's order denying appellant the relief sought by his pretrial application for writ of habeas corpus.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
Tex. R. App. P. 47
130596F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE STEVEN SPRIGGS,
Appellant

No. 05-13-00596-CR

Appeal from the 203rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-54549-P).
Opinion delivered by Justice Myers,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying relief in the pretrial application for writ of habeas corpus seeking a bond reduction is **AFFIRMED**.

Judgment entered July 25, 2013.

/Lana Myers/
LANA MYERS
JUSTICE