**WITHDRAW, VACATE, and AFFIRM; and Opinion Filed April 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01663-CR

## EX PARTE BRIAN CLONINGER, Appellant
### V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 292nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. WX13-90036-V

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

On the Court's own motion, we **WITHDRAW** our opinion and **VACATE** our judgment of February 27, 2014. This is now the opinion of the Court.

Brian Cloninger appeals the trial court's order denying him the relief sought by his pretrial "application for writ of habeas corpus seeking bail reduction."[1] In two issues, appellant asserts the trial court abused its discretion by denying the bail reduction because the amount set is excessive and oppressive in violation of the Texas Code of Criminal Procedure and the United States and Texas Constitutions. We affirm the trial court's order.

---

[1] On original submission, we concluded we lacked jurisdiction over the appeal based on the Texas Court of Criminal Appeals recent holding in *Ragston v. State*, No. PD-0824-13, 2014 WL 440964 (Tex. Crim. App. Feb. 5, 2014). We now conclude that because this appeal is from the trial court's final order denying habeas corpus relief rather than an interlocutory order denying a motion to reduce bail, we have jurisdiction over the appeal.

**Facts**

Appellant is charged by indictment with injury to a child resulting in serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a) (West 2011). Bond was initially set at $2,282,000. After a series of hearings, the trial court set appellant's bond at $500,000 cash or $2,500,000 surety. Appellant thereafter filed a pretrial "application for writ of habeas corpus seeking bail reduction."

The trial court conducted four hearings on appellant's bond.[2] At the October 11, 2013 hearing, Marty Cloninger, appellant's wife, testified they have been married for three-and-a-half years, but have been living together in their home in Dallas for the past ten years. She testified appellant grew up in Dallas, and has a "very strong, close knit family." Appellant's family also lives within the Dallas metroplex. Before his arrest, appellant worked as a plumber, and was a member of the local Plumbers and Pipe Fitters Union. Appellant was unemployed at the time of the incident. She testified that appellant earned around $850 a week, and that she earns about $950 a week, working as a graphic/production artist.

Marty testified she is unable to raise the amount of money necessary to make the $2,282,000 bail,[3] but is willing to post a cash bond in the amount of $25,000. She testified she has the following assets: a home with a mortgage that has approximately $12,000 in equity and a retirement account with a little over $60,000. She also said she has money in savings and would borrow the rest against her IRA to raise the funds for appellant's bail. On rebuttal, Marty testified she was aware that appellant is currently on probation for a DWI in Travis County, but she was not aware of any other criminal history.

---

[2] The first three hearings were conducted before appellant filed his application for writ of habeas corpus. The fourth hearing was conducted on the application. The reporter's records of the first three bond hearings were made part of the appellate record in this habeas appeal. We will present the testimony in chronological order based on the hearing dates.

[3] Marty Cloninger did not testify at the hearing on November 18, 2013 regarding her ability to raise the $500,000 cash bond. However, the reporter's record from the October 11, 2013 hearing containing Marty's testimony was admitted into evidence at the November 18 hearing.

–2–

Detective Paolo Sparacino of the Dallas Police Department testified that on September 3, 2013, he was called to investigate the shooting with which appellant is charged. The victim was an eight-year-old boy who had been shot at an apartment complex. Sparacino testified there was no indication the victim was doing anything out of the ordinary at the time of the shooting. He also testified appellant admitted to shooting the victim because he "wanted to" in statements made to witnesses afterwards. The first responding officer to the scene saw a black pistol on the front seat of appellant's truck. This pistol, ammunition for the pistol, and ammunition for other weapons were also recovered from the truck. Sparacino testified that, since the incident occurred, children in the apartment complex are afraid to go outside and play because they fear "somebody is going to come back and hurt them."

Latamarin Locklin, the victim's mother, testified that her son suffered serious injuries from the shooting and has had a number of surgeries, including a tracheotomy. She also testified that he is afraid and she has to call the "Vine Hotline" every morning to "reassure him he's not in any danger." Following the October 11 hearing, the trial court reduced appellant's bond to $200,000 cash bond or $1,000,000 surety bond.

The State filed a motion to reconsider and clarify appellant's bond conditions after appellant was indicted. On October 22, the trial court conducted a hearing on the State's motion. The State presented testimony on the content of recorded telephone conversations between appellant and his wife regarding the procurement of appellant's bond. Based on the conversations, the State contended that appellant's wife had not been forthcoming about the family's ability to contribute to appellant's bond and that there were family members who could contribute to the amount of bail appellant could raise. The trial court increased appellant's bond to $1,000,000 cash or $2,500,000 surety, and recessed the hearing until October 28, 2013.

At the October 28 hearing, no additional testimony was heard, but arguments were presented by appellant and the State. The trial court reduced appellant's bond to the current amount of $500,000 cash or $2,500,000 surety.

Appellant filed a pretrial application for writ of habeas corpus seeking a bail reduction on November 13, 2013. Appellant asserted in the application that the bail is excessive pursuant to Texas Code of Criminal Procedure article 17.151. The trial court conducted a hearing on the writ application on November 18, 2013. At the November 18 hearing, appellant's father, Don Cloninger, testified he had raised enough cash for the bond when the amount was set at $200,000. However, he said that was the maximum amount he was willing to post. He stated he used $20,000 from his savings, and borrowed $80,000 from a non-IRA retirement account and $100,000 from his father-in-law on a promissory note. On rebuttal, Don testified appellant has two brothers and numerous cousins in the area, and there have been "courtesy offers" from cousins. However, other than his father-in-law, he has not inquired as to how much anyone else from the family is willing to contribute. At the conclusion of the hearing, the trial court denied appellant's request for a bond reduction and ordered appellant's bond to continue at $500,000 cash or $2,500,000 surety. This appeal followed.

**Standard of Review**

We review the trial court's denial of a bond reduction request under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981; *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2011). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles, or whether the act was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court

decides a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

In reviewing the trial court's decision, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curium), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial court's application of the law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

### Applicable Law

The primary purpose of an appearance bond is to secure the presence of a defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). It is within the trial court's discretion to determine the proper amount of bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2011). In determining the amount of bail to set, the trial court is guided by the following rules: (1) the bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with; (2) the power to require bail is not to be so used as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed are to be considered; (4) the ability to make bail is to be considered; and (5) the future safety of the victim of the alleged offense and the community may be considered. *Id.*; *see also Ex parte Welch*, 729 S.W.2d 306, 309 (Tex. App.—Dallas 1987, no pet.). Relevant facts also to be considered in determining the amount of bond include the accused's work record, family and community ties, length of residency, previous criminal

record, conformity with the conditions of any previous bond, the existence of outstanding bonds, any aggravating circumstances alleged to have been involved in the charged offense, and the range of punishment for the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50.

The person seeking the reduction has the burden of demonstrating the bail is excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). Although the ability or inability of the accused to make bail is a factor to be considered, that factor alone does not control the amount of bail. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

### Analysis

Appellant contends the trial court abused its discretion by denying the bond reduction because his bond is excessive, oppressive, and beyond his financial means, and violates the Eighth and Fourteenth Amendments to the United States Constitution, article 1, sections 11, 13, and 19 of the Texas Constitution, and articles 1.07 and 17.15 of the Texas Code of Criminal Procedure. Specifically, appellant argues the trial court abused its discretion in its application of the guidelines in setting the bond amount. The State responds that appellant failed to demonstrate his bail was constitutionally or statutorily excessive, therefore, based on the evidence presented, the trial court did not abuse its discretion in continuing appellant's bail.

Appellant is charged with the first-degree felony offense of injury to a child resulting in serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a) (West 2011). If appellant is found guilty of the offense, he faces a punishment range of five to ninety-nine years or life imprisonment, and a fine of up to $10,000. *Id.* § 12.32. The trial court heard testimony regarding the alleged offense in this case from Sparacino, who testified appellant shot an eight year old child. Sparacino testified appellant admitted to shooting the victim because he "wanted to" in statements made to witnesses immediately after the incident, and there was evidence the

weapon and several rounds of ammunition were found during the search of appellant's car after the shooting. The victim's mother also testified to the severe and extensive injuries her son suffered from the shooting. Given the serious and egregious nature of the alleged offense and the potential punishment involved, the trial court could properly have concluded the amount of the bond was reasonable. *See Ex parte Welch*, 729 S.W.2d at 309.

Further, the trial court heard testimony about the threat appellant posed to the victim and community. The victim's mother testified that her son was still very fearful after the incident and Sparacino testified the children in the community are afraid to go outside because they fear "somebody is going to come back and hurt them." There was also evidence introduced of appellant's prior criminal record and testimony that he is currently on probation for a DWI in Travis County. *See Ex parte Rubac*, 611 S.W.2d at 849-50.

Finally, the trial court heard testimony regarding appellant's home life and family connections and his work history. Appellant's wife testified to their income, financial assets, and inability to raise anything beyond $25,000 for a bond. Appellant's father testified about his financial assets and his inability to raise anything beyond $200,000 for a bond. The trial court also heard testimony that other family members had made "courtesy offers," but such offers were not pursued. While the ability or inability of the accused to make bail is a factor to be considered, that factor alone does not control the amount of bail. *See Ex parte Charlesworth*, 600 S.W.2d at 317.

Appellant had the burden of demonstrating the $500,000 bail amount was excessive. After reviewing the record, we conclude appellant has not met his burden. Therefore, the trial court did not abuse its discretion by denying the bond reduction and continuing bail at $500,000. *See Montgomery*, 810 S.W.2d at 380; *Ex parte Welch*, 729 S.W.2d at 309. We resolve appellant's two issues against him.

Accordingly, we affirm the trial court's order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131663F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE BRIAN CLONINGER

No. 05-13-01663-CR

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX13-90036-V.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

On the Court's own motion, we **WITHDRAW** our opinion and **VACATE** our judgment

of February 27, 2014.  This is now the judgment of the Court.

Based on the Court's opinion of this date, the trial court's order denying bond reduction

is **AFFIRMED**.

Judgment entered this 8th day of April, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE